United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20052
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROSELIA GOICOCHEA-SUAZO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-387-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Roselia Goicochea-Suazo appeals her guilty-plea conviction
and sentence imposed for illegal reentry into the United States
of a previously deported alien after an aggravated felony
conviction in violation of 8 U.S.C. § 1326(a) & (b)(2).  She
argues that the district court plainly erred in imposing her
sentence pursuant to the then mandatory United States Sentencing
Guidelines, which were subsequently held unconstitutional in
United States v. Booker, 125 S. Ct. 738 (2005).  We review for
plain error.  See United States v. Mares, 402 F.3d 511, 520 (5th

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Goicochea-Suazo cannot show that she was prejudiced by the error because the district court sentenced her to the lowest possible sentence within the guidelines range and nothing in the sentencing transcript indicates that the district court would have imposed a lesser sentence if it had known that the guidelines were not mandatory. See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005); United States v. Bringier, 405 F.3d 310, 317 (5th Cir. 2005), petition for cert. filed (July 26, 2005) (No. 05-5535). The fact that the district court imposed the minimum sentence within the applicable guideline range does not indicate that the judge would have imposed a lower sentence under an advisory guideline scheme. See Bringier, 405 F.3d at 317. Therefore, Goicochea-Suazo has not shown that the district court plainly erred in imposing her sentence pursuant to the mandatory Guidelines, which were subsequently held unconstitutional in Booker. Thus, Goicochea-Suazo has not shown reversible plain error. See Mares, 402 F.3d at 520-21.

Goicochea-Suazo argues that the statute under which she was convicted, 8 U.S.C. § 1326(b), is unconstitutional in view of Apprendi v. New Jersey, 530 U.S. 466 (2000). She acknowledges that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but states that she is raising it to preserve it for possible Supreme Court review. Because she did

not raise this issue in the district court, review is limited to plain error.  See <u>Mares</u>, 402 F.3d at 520-21.

<u>Almendarez-Torres</u> held that § 1326(b)(2)'s enhancement provision is a sentencing factor and not a separate offense that must be alleged in the indictment.  <u>Almendarez-Torres</u>, 523 U.S. at 235.  <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>see also</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000) (noting that the Supreme Court in <u>Apprendi</u> expressly declined to overrule <u>Almendarez-Torres</u>).  This court must follow the precedent set in <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it."  <u>Dabeit</u>, 231 F.3d at 984 (internal quotation and citation omitted).  This argument is, as Goicochea-Suazo concedes, foreclosed.

AFFIRMED.